**Ralph MARRERA, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

**Civ. A. No. 84-232.**

United States District Court, District of Columbia.

Aug. 28, 1985.

Ralph Marrera, pro se.

Joan S. VanBerg, U.S. Dept. of Justice, Royce W. Lamberth, Asst. U.S. Atty., Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Plaintiff, a federal prisoner acting *pro se*, filed this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking access to records pertaining to himself maintained by sixteen components of the Department of Justice (DOJ). By orders dated December 12, 1984 and February 20, 1985 the Court dismissed for lack of prosecution plaintiff's claims against fourteen of the DOJ components that were the subject of defendants' unopposed motion to dismiss, including plaintiff's claims against the Executive Office for United States Attorneys (EOUSA), the Bureau of Prisons (BOP), and the Federal Bureau of Investigation (FBI). With respect to plaintiff's remaining claims against the United States Marshals Service (USMS) and the Office of Intelligence Policy and Review (OIPR), the Court instructed defendants to file any dispositive motions on or before May 1, 1985.

This case is presently before the Court on defendants' motion for summary judg-

ment with respect to the claims concerning the OIPR and USMS. Furthermore, because the USMS forwarded documents in its possession which originated with BOP, EOUSA and FBI back to those components for their direct reply to plaintiff's FOIA request, claims against BOP, EOUSA and the FBI were revived only with respect to the forwarded documents. Accordingly, defendants have also filed a motion for summary judgment with respect to the documents forwarded to BOP, and motions to dismiss with respect to the documents forwarded to EOUSA and the FBI.

As with defendants's earlier motion to dismiss, the Court again afforded plaintiff an opportunity to respond to defendants' dispositive motions well in excess of the time normally permitted. Again, plaintiff has filed no pleading directly responsive to defendants' motions. Nevertheless, this Court has reviewed the defendants' motions in light of the entire record in this action.

### A) *Office of Intelligence Policy Review*

█ With respect to records requested from OIPR, OIPR responded that it could not admit or deny that it maintains information regarding whether the plaintiff is a target of surveillance pursuant to the Foreign Intelligence Surveillance Act ("FISA"), or whether such an application for surveillance was made to the Foreign Intelligence Surveillance Court. With respect to all other OIPR files, the defendants informed plaintiff that no records responsive to his request had been located. This Court finds the defendants' affidavits concerning the adequacy of the search of OIPR's non-FISA files sufficient, and no contrary argument has been raised by the defendant.

With respect to FISA materials OIPR invokes FOIA exemption 1, which exempts from disclosure records that are

(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in

fact properly classified pursuant to such Executive order.

5 U.S.C. § 552(b)(1).

The courts have consistently held that in cases involving exemption 1 substantial weight should be given to the agency's affidavits, and summary judgment granted for the government if the affidavits establish that the particular information in question is specifically authorized to be kept secret in the interests of national security, and was in fact properly classified pursuant to the applicable Executive Order. *See e.g., Salisbury v. United States,* 690 F.2d 966, 970 (D.C.1982); *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981). This standard applies as well when the agency takes the position that it can neither confirm nor deny the existence of responsive information. *See e.g., Miller v. Casey,* 730 F.2d 773, 776–77 (D.C.Cir. 1984); *Gardels v. CIA,* 689 F.2d 1100, 1103–05 (D.C.Cir.1982). The applicable Executive Order cited by OIPR in declining to admit or deny the existence of any records responsive to the plaintiff's request is Executive Order 12356, 47 Fed.Reg. 14874 (April 16, 1984). In the instant case, the affidavit of Mary C. Lawton, Counsel for Intelligence Policy at the United States Department of Justice fully demonstrates that the materials requested by the plaintiff fall within the substantive definitions of classifiable material authorized to be kept secret in the interest of national security under Executive Order 12356, as information relating to intelligence sources or methods, and intelligence activities, and were properly classified in accordance with the requirements of the Executive Order. Affidavit of Mary C. Lawton, at 6–7 [hereinafter "Lawton Affidavit"].

Furthermore, this Court finds that the Lawton Affidavit sufficiently delineates the damage to national security that could reasonably be expected to result if OIPR were to confirm or deny the existence of information responsive to plaintiff's request. The Lawton Affidavit makes evident that merely confirming or denying the existence of such records would implicitly reveal classifiable information:

[A]n official acknowledgment either that OIPR maintains or does not maintain information documenting that a person is the subject of a FISA application would be tantamount to a confirmation or denial that the United States is obtaining intelligence information from a FISA surveillance of that person. [Lawton Affidavit, at ¶ 8.]

\* \* \* \* \* \*

Assuming that OIPR maintains information that is responsive to an [sic] FOIA request, acknowledgment of that fact would confirm that OIPR been involved in the approval of a FISA surveillance under the Act. Disclosure of that fact would be of intelligence or counterintelligence value to a trained intelligence analyst, foreign government, or hostile intelligence service because of the nature of the counterintelligence itself. [*Id.* at ¶ 9]

\* \* \* \* \* \*

Assuming, *arguendo,* that OIPR did not maintain information responsive to an [sic] FOIA request concerning a particular individual, acknowledgment of this fact would indicate that OIPR had *not* prepared an application for a FISA surveillance of that individual. If it were the policy of OIPR to indicate routinely that it does not maintain responsive records, these responses would also be of immense value to trained intelligence analysts and hostile intelligence services. This information would reveal that the U.S. government's counterintelligence elements had not focused on that individual's intelligence activities. Thus a hostile intelligence service could easily and quietly assess the extent of the U.S. government's awareness of hostile intelligence activities. [*Id.* at ¶ 10]

Therefore, this Court finds that OIPR's refusal to confirm or deny the existence of FISA records pertaining to this particular plaintiff to be justified in the interests of national security as part of an overall policy of Executive Order 12356, § 3.4(f)(1)

54

with respect to *all* FISA FOIA requests. *See Gardels,* 689 F.2d at 1104–06.

Accordingly, because this Court finds that OIPR properly invoked FOIA exemption 1 with respect to the FISA materials, and has demonstrated that an adequate search was conducted of all other OIPR files and revealed nothing responsive to plaintiff's request, summary judgment shall be granted for the defendants with respect to OIPR.

B) *United States Marshals Service*

By letter dated November 29, 1984 the United States Marshals Service (USMS) advised the plaintiff that it had completed processing plaintiff's request. Thirty-six pages of materials were released in full to the plaintiff, and thirty-five additional pages were released with excisions. An additional nineteen pages were forwarded by the USMS to the FBI, EOUSA or BOP as documents originating with those components, and are addressed below.

■ Upon review of the affidavit of Florastine P. Graham, the USMS' FOIA and Privacy Act Officer, as well as *in camera* review of the thirty-five pages of materials released to plaintiff with excisions, this Court is satisfied that the deletions made consisted solely of the names of non-supervisory law enforcement personnel. The Court finds that the names of such law enforcement personnel are exempt from disclosure pursuant to FOIA exemption (b)(6), 5 U.S.C. § 552(b)(6), which allows an agency to withhold matter contained in personnel, medical and similar files, to the extent that their production would constitute a clearly unwarranted invasion of personnel privacy. The Court concurs with defendants that disclosure of the names of the non-supervisory law enforcement personnel serves no public interest, and any such interest is strongly overcome by the privacy interests of the named individuals, including the risk of threats, harassment and intimidation that could be caused by disclosure. *See Department of the Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976). Accord-

ingly, exemption (b)(6) was properly employed to delete the names of such individuals from the materials released to the plaintiff.

■ Plaintiff's only remaining claim with respect to the USMS, set forth in his motion to compel preparation of a Vaughn index, is that he believes that additional documents pertaining to him should have been found within the possession of the USMS because he was "under custody of the U.S. Marshals in December 1974, at which time ... an around-the-clock guard of U.S. Marshals was established in the intensive care ward, where plaintiff was being held in custody." However, the Graham Affidavit indicates that the ninety documents located by USMS responsive to the plaintiff's request were the result of three separate searches, keyed to areas where either the defendants or the plaintiff believed were most likely to have records on him. Graham Affidavit, at ¶¶ 5–7. This Court finds that the defendant has met its burden of establishing that a reasonably thorough investigation was conducted. *See McGehee v. CIA*, 697 F.2d 1095, 1100–01 (D.C.Cir.1983), *vacated in part*, 711 F.2d 1076 (D.C.Cir.1983); *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978). There is no requirement that an agency search every division or field office in response to a FOIA request, especially where the requester has indicated specific areas where responsive documents might be located; all that is required is that the agency make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested. *See e.g., Marks v. United States Department of Justice*, 578 F.2d 261, 263 (9th Cir.1978). The USMS has met this requirement. Accordingly, summary judgment shall be granted for the defendants with respect to the USMS documents.

C) *The Bureau of Prisons*

■ As the result of the USMS search, four documents that originated with the Bureau of Prisons (BOP) were returned to

BOP for processing with respect to plaintiff's FOIA request. The four pages consisted of two copies of the same teletype, with one copy containing a handwritten notation and initials. Affidavit of C.B. Faulkner, at ¶¶ 4–5. BOP released the copy containing the notations and initials to the plaintiff, with deletions. Upon review of the affidavit of C.B. Faulkner, as well as *in camera* review of the documents released to the plaintiff, this Court finds that the names of BOP non-supervisory personnel were properly deleted from the materials under FOIA exemption (b)(6), 5 U.S.C. § 552(b)(6), for the same privacy reasons supporting the USMS' deletion of the names of non-supervisory personnel. Likewise, this Court finds that access and identity codes were properly deleted from the BOP documents under FOIA exemption (b)(2), 5 U.S.C. § 552(b)(2), as material related solely to the internal rules and practices of an agency in which the public could not reasonably be expected to have an interest, *Department of the Air Force v. Rose*, 425 U.S. 352, 369–70, 96 S.Ct. 1592, 1603, 48 L.Ed.2d 11 (1976); *Founding Church of Scientology v. Smith*, 721 F.2d 828, 830 n. 4 (D.C.Cir.1983), or which would place at risk of disclosure BOP regulations concerning security. *See Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1071 (D.C.Cir.1981) *(en banc)*.

### D) *EOUSA and the FBI*

As the result of the USMS' search for documents pertaining to the plaintiff, the USMS returned eleven documents that originated with the Federal Bureau of Investigation (FBI) and four documents that originated with the Executive Office for United States Attorneys (EOUSA) to those components for their direct processing with respect to plaintiff's FOIA request. *See* 28 C.F.R. § 16.42(d).

The FBI advised the plaintiff, by letter dated January 28, 1985, that the documents referred to it by the USMS would not be released to the plaintiff in the absence of the payment of fees to cover duplication costs. In doing so, the FBI essentially reaffirmed its February 1, 1984 denial of plaintiff's request for a fee waiver.

However, almost contemporaneously with the FBI's letter to plaintiff, the plaintiff, by letter dated January 23, 1985, submitted a reformulated FOIA request to the FBI. Pursuant to that request, documents were released to the plaintiff, and no duplication fees were assessed by the FBI. Second Declaration of D.F. Martell, at ¶ 9. In light of these events, this Court finds plaintiff's earlier FOIA claim for documents and request for waiver of fees moot. Accordingly, plaintiff's claim against the FBI shall be dismissed.

By letter dated February 14, 1985 EOUSA advised the plaintiff that the documents referred by the USMS would not be released to the plaintiff until an advance deposit was received to pay for duplication costs. In doing so, however, EOUSA included the four documents referred from USMS with all other documents previously located by EOUSA itself in response to plaintiff's FOIA request directed to it, informing the plaintiff of a total $375.00 charge. Because plaintiff's claims for all EOUSA documents other than the USMS-referred documents were dismissed by this Court's orders of December 12, 1984 and February 20, 1985, EOUSA should have determined whether any duplication cost should be assessed only for the four pages referred to EOUSA by the USMS. Accordingly, this Court will afford EOUSA an opportunity to inform the Court whether it will release the four pages, supporting any deletions made, or whether a payment of duplication costs is required as to those four pages. Should a waiver of fees be denied for those four pages this Court will then review the appropriateness of that denial.[1]

An order consistent with the rulings herein accompanies this opinion.

---

**1.** It is evident at this point that plaintiff seeks a waiver of any duplication fees assessed. Accordingly, this Court finds no purpose served in requiring a formal fee waiver request filed with EOUSA. EOUSA may just as easily inform the Court as to its position on such a waiver.

## ORDER

In accordance with the rulings set forth in this Court's memorandum opinion, it is this 28th day of August, 1985

ORDERED that defendants' motion for summary judgment with respect to plaintiff's claims against the Office of Intelligence and Policy Review, the United States Marshals Service and the Bureau of Prisons is hereby granted; and it is

FURTHER ORDERED that plaintiff's claims against the Federal Bureau of Investigation is hereby dismissed as moot; and it is

FURTHER ORDERED that the defendant Executive Office of the United States Attorneys shall inform the Court within 10 days of the date of this Order whether a payment of duplication costs is required for the four pages of materials referred to it by the United States Marshals Service, and, if so, whether a waiver of fees shall be granted. In the event no payment of fees is required, defendant shall release the materials to the plaintiff, and file an appropriate motion for summary judgment with respect to any deletions made.