**INTERNATIONAL TRADE OVERSEAS, INC., Plaintiff,**

**v.**

**AGENCY FOR INTERNATIONAL DEVELOPMENT, Defendant.**

**Civ. A. No. 87–3102.**

United States District Court, District of Columbia.

July 1, 1988.

As Amended Aug. 8, 1988.

---

Robert H. Rumizen, Washington, D.C., for plaintiff.

Philip A. Kesaris, Office of Information and Privacy, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Presently before the Court are the parties' cross-motions for summary judgment. In consideration of the motions, the oppositions thereto, and the entire record of the case, and for the following reasons, the Court shall grant defendant's motion for summary judgment, thereby denying plaintiff's motion, and dismiss this case.

## DISCUSSION

Plaintiff filed this case on November 17, 1987 pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. Plaintiff requested documents from the Agency for International Development ("AID") in connection with a government contract. Specifically, plaintiff seeks the following:

1) The Abstract of Offers received under Solicitation No. 86–007 and prepared pursuant to FAR 14.403, including the Contracting Officer's certification of accuracy;

2) Copies of the bids submitted by Aqua Systems, Greenline Forwarding, La Barge, Stover Mechanical, USX, Construction Products International, and Interpipe, Inc.;

3) Copies of all intra-agency correspondence relating to the post-award claim of International Trade Overseas, Inc., for reformation;

4) Copies of memoranda, notes or correspondence relating to the matter of bid responsiveness or completeness

for award purposes under IFB Quito 86–007; and

5) Copies of documents relating to and supporting the administrative decision to cancel IFB QUITO–85–032.

Defendant's Cross–Motion for Summary Judgment ("Defendant's Cross–Motion"), Exh. A (Letter from plaintiff's counsel to Agency for International Development making original FOIA request).

With respect to request number 2, despite an extensive search, the agency did not find any responsive documents. Declaration of Jerome Patterson ¶¶ 4–6. The agency determined that copies of the bids submitted might be in Quito, Equador, the place where the contract was administered. *Id.* ¶ 4. Despite a five hour search of its files, the Quito office reported it could not find the documents in either its office or the Lima, Peru office, site of the agency former regional contract office. *Id.*; Defendant's Cross–Motion, Exhs. E, F. Moreover, the agency's Office of Procurement, Latin America and Caribbean Overseas Division, in Washington, D.C. reported that it could not locate responsive documents. Declaration of Jerome Patterson ¶ 4; Defendant's Cross–Motion, Exh. H. Finally, AID'S Attorney–Advisor with the Litigation and Enforcement Unit, Office of the General Counsel, failed to locate any responsive documents. Declaration of Jerome Patterson ¶ 5.

AID discovered 51 pages of documents responsive to requests 1, 3–5. Prior to releasing some of those documents, AID invoked Executive Order 12,600 and offered certain business submitters the opportunity to object to the release of any specified portions of the information which might be released. Declaration of Jerome Patterson ¶ 6; Defendant's Cross–Motion, Exh. I. Because no objections were received, defendant informed plaintiff on February 17, 1988, that the agency was releasing 22 pages in full. Declaration of Jerome Patterson ¶ 7; Defendant's Cross–Motion, Exh. J.

The agency, however, withheld 29 pages of handwritten attorney notes pursuant to the attorney work-product privilege as set forth in FOIA Exemption 5, 5 U.S.C. § 552(b)(5). Declaration of Jerome Patterson ¶ 7; Defendant's Cross–Motion, Exh. J. The notes were prepared by an AID attorney between November, 1986, and February, 1987, in connection with the agency's defense of a contract price adjustment and/or reformation claim brought by plaintiff. Declaration of Jerome Patterson ¶ 8. Plaintiff brought this claim before the Armed Services Board of Contract Appeals, which was pending as of February 9, 1988. *Id.*

Plaintiff filed a "Memorandum of Points and Authorities in Opposition to Defendant's Cross–Motion for Summary Judgment and in Reply to Plaintiff's Motion for Summary Judgment" ("Plaintiff's Memorandum") in which plaintiff "concedes that the handwritten attorney notes on plaintiff's information claim are not releaseable [sic] under FOIA". Plaintiff's Memorandum ¶ 5. As such, the Court will not address the issue of attorney work product and will consider plaintiff's claims as framed in Plaintiff's Memorandum ¶ 8. Specifically, plaintiff asserts that it is entitled to a "completely readable copy of the entire Abstract of Offers" (request number 1); "true copies of the bids submitted by the five idientified [sic] companies for release to plaintiff" (request number 2); and "copies of memoranda, etc., relating to the bid responsiveness of competing bidders under Quito 86–007" (request number 4). *Id.*

Plaintiff also filed "Plaintiff's Opposition to Defendant's Cross–Motion for Summary Judgment and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment" ("Plaintiff's Opposition") which restated much of its arguments in Plaintiff's Memorandum. Plaintiff claims that the abstract of offers, produced in response to bid item number 1, were indecipherable as released by defendant. As to item number 2, plaintiff claimed that defendant, while stating that copies of the actual bids were unlocated, had failed "to advise plaintiff whether the *originals* of the bids were available or lost." Plaintiff's Opposition ¶ 8. Finally, plaintiff maintains that defendant has failed to re-

spond to request number 4 asking for memoranda, notes or correspondence relating to the bid responsiveness of offers under IFB Quito 86–007.

*Request Number 1—Abstract of Offers*

■ Plaintiff attaches copies of the Abstract of Offers to Plaintiff's Opposition. Defendant represents that these are the best available copies. Reply to Plaintiff's Opposition to Defendant's Cross–Motion for Summary Judgment ("Defendant's Reply") ¶ 1. Furthermore, defendant represents that plaintiff's counsel is welcome to view personally the copies of that document at AID. The Court has reviewed the copies. While the Abstracts are copies of handwritten documents, the Court is of the opinion that the copies are not "indecipherable" as plaintiff claims. As such, the Court will accept defendant's representations that this is the best available copy and enter summary judgment in favor of defendant as to request number 1.[1]

*Request Number 2—Copies of Bids Submitted by Various Bidders*

■ Initially, the Court notes that it agrees with defendant's characterization of plaintiff's claim that defendant has left unanswered the issue of the existence of "original" bids, as compared with the "copies", as a "quibble with semantics." In fact, the Court looks at plaintiff's arguments with great disfavor.

The substantive issue is whether defendant conducted an adequate search of its records in an attempt to respond to plaintiff's FOIA request number 2. In conducting the search for documents, "all that is required is that the agency make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Marrera v. United States Department of Justice*, 622 F.Supp. 51, 54 (D.D.C.1985); *see Meeropol v. Meese*, 790 F.2d 942, 952–53 (D.C.Cir. 1986) ("search is not unreasonable simply because it fails to produce all relevant material"); *Weisberg v. United States De-*

*partment of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984) ("issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*"). In determining the adequacy of a search, the Court is guided by principles of reasonableness. *Weisberg*, 745 F.2d at 1485.

In the present case, defendant submits the declaration of Jerome Patterson in which he recounts the extensive search conducted by AID in attempts to find information responsive to plaintiff's request number 2. Declaration of Jerome Patterson ¶¶ 4, 5. Because the contract in question was to be performed in Quito, Equador, the agency determined that copies of the bids submitted might be located there. *Id.* ¶ 4. The Quito office conducted a five hour search of its files which did not uncover any responsive documents. *Id.*; Defendant's Cross–Motion, Exh. E. Defendant also conducted a search of its former office in Lima, Peru, and did not find any information. Declaration of Jerome Patterson ¶ 4. Furthermore, defendant contacted, in New Delhi, India, Mr. Michael Snyder, the former contract officer, concerning his recollection of the location of the bid documents. Declaration of Jerome Patterson ¶ 4; Defendant's Cross–Motion, Exh. F. Mr. Snyder did not have a recollection of the location of the bids. Declaration of Jerome Patterson ¶ 4; Defendant's Cross–Motion, Exh. G. Finally, defendant conducted a search of AID's Office of Procurement, Latin America and Caribbean Overseas Division, as well as AID's Office of General Counsel, where no documents responsive to plaintiff's request were uncovered. Declaration of Jerome Patterson ¶¶ 4, 5; Defendant's Cross–Motion, Exh. H.

■ Plaintiff's memoranda fail to present any evidence challenging the adequacy of the above actions. Based upon the material submitted by defendant, the Court finds that defendant clearly conducted a good faith search for the information

---

1. The parties are still free to reach an agreement regarding defendant's generous offer to plaintiff's counsel permitting him to review the documents as they exist at the AID office.

in request number 2. The Court agrees with the Eighth Circuit that

> [t]he fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Thus, the [agency] is not required [under FOIA] to account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found.

*Miller v. United States Department of State*, 779 F.2d 1378, 1385 (8th Cir.1985).

The Court notes in passing that plaintiff's suggestion that FOIA requires defendant to retrieve copies of the bids from the bidders themselves, Plaintiff's Memorandum ¶¶ 6, 9, is legally wrong. *See Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150–55, 100 S.Ct. 960, 968–71, 63 L.Ed.2d 267 (1980) (Court rejects suggestion that FOIA requires agency to retrieve documents that are no longer with agency).

In view of the foregoing discussion, the Court determines that defendant conducted an adequate search for documents in its possession and responsive to request number 2.

*Request No. 3—Intra-Agency Correspondence and Notes Regarding Plaintiff's Administrative Claim*

The Court need not address this request because plaintiff concedes that the attorney notes on plaintiff's information claim are not releasable. Plaintiff's Memorandum ¶ 5.

*Request No. 4—Copies of Memorandum, Notes or Correspondence Relating to the Matter of Bid Responsiveness or Completeness for Award Purposes under IFB Ouito 86–007*

Of 51 pages responsive to requests numbers 1, 3–5, defendant released 22 pages and withheld 29 pages of handwritten attorney notes relating to plaintiff's contract reformation claim pursuant to the attorney work-product privilege incorporated into FOIA Exemption 5. Declaration of Jerome Patterson ¶¶ 5, 7–9. As such, defendant states that plaintiff's claim that

AID has not released the material responsive to request number 4 is wrong. Rather, defendant maintains that there is nothing remaining to be released. Declaration of Jerome Patterson is ¶¶ 5, 7–9. The Court finds that defendant has demonstrated satisfactorily that it has released all the information in its possession responsive to plaintiff's request number 4.

## CONCLUSION

In consideration of the parties' cross-motions for summary judgment, the entire record of this case, and for the foregoing reasons the Court determines that no issues of fact concerning the adequacy of defendant's response to plaintiff's FOIA request exist such that reasonable minds could differ. As such, the Court will enter summary judgment for defendant and dismiss this case. An order in accordance with this decision accompanies this memorandum opinion.

## ORDER

In consideration of the cross-motions for summary judgment, the oppositions thereto, the entire record of the case, and for the reasons stated in the memorandum opinion accompanying this order, it is this 30th day of June, 1988,

ORDERED that defendant's motion for summary judgment is granted thereby denying plaintiff's motion and the case shall be dismissed.