**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HENRY MESEKE IMMANUEL,
Plaintiff-Appellant,

v.

SECRETARY OF THE TREASURY OF THE
UNITED STATES; TREASURY OF THE

No. 95-1953

UNITED STATES,
Defendants-Appellees,

v.

INTERNAL REVENUE SERVICE,
Party in Interest.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-94-884-HAR)

Argued: March 5, 1996

Decided: April 5, 1996

Before ERVIN and NIEMEYER, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jonathan Steven Resnick, Baltimore, Maryland, for
Appellant. Murray S. Horwitz, Tax Division, UNITED STATES

DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Jonathan S. Cohen, Lynne Ann Battaglia, United States Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Immanuel filed this action to compel the Department of the Treasury to disclose records pursuant to the Freedom of Information Act (FOIA). On September 22, 1993, Immanuel filed a FOIA request with the Department of the Treasury for:

> a listing of those funds currently held by the United States Treasury, in escrow or otherwise, which are the subject property of individuals who are legatees, who have not claimed tax refunds due, who have overpaid the U.S. Treasury, who have not claimed monies owed for any reason whatsoever including but not limited to those funds which will escheat to the U.S. Treasury if they remain unclaimed.

Because the Treasury Department was unable to identify any list responsive to Immanuel's request other than a list of unclaimed federal income tax refunds maintained by the Internal Revenue Service (IRS), it referred Immanuel's request to the IRS. The IRS informed Immanuel that it does prepare a "Federal Undelivered Refund List" for each of its district offices, but that the lists are maintained at the district offices. The IRS further advised Immanuel that if he wished to obtain a copy of the Federal Undelivered Refund List for his area, he would have to contact his IRS district office.

2

Treating the IRS' response as a denial of his FOIA request, Immanuel appealed to the Department of the Treasury and, after the statutory period for the Department to respond had expired, filed this action in the district court. Although Immanuel never requested any documents from his IRS district office, the defendants provided Immanuel with the Federal Undelivered Refund List for Maryland and Washington, D. C., in response to his lawsuit. The defendants then filed a motion to dismiss Immanuel's complaint (1) for lack of subject matter jurisdiction because Immanuel had not directed his request to the appropriate agency and, therefore, had failed to exhaust his administrative remedies and (2) as moot because Immanuel had been provided the information he requested. Immanuel responded that he had exhausted his administrative remedies and that the Federal Undelivered Refund List did not satisfy his FOIA request. Without specifying any other documents that he wanted, Immanuel also requested the opportunity to conduct discovery to determine if the defendants were holding any assets or funds other than tax refunds.

In considering the defendants' motion to dismiss, the district court observed that the Department of the Treasury had "reasonably construed" Immanuel's request as one for a list of undelivered tax refunds and that Immanuel had been given that list. The court further noted that "[u]nder FOIA, the Department of Treasury only has to make records available when a request `reasonably describes such records,'" and that a court can only compel an agency to produce records that have been "wrongfully" withheld. See 5 U.S.C. § 552(a)(3), (a)(4)(B). The court refused to permit Immanuel "to conduct a fishing expedition into all the possible funds held by the Department of Treasury which may fall within the terms of his broad FOIA request," especially at the government's expense.

Nevertheless, the district court provided Immanuel an opportunity to clarify his position by describing the records he sought more precisely and by demonstrating that his FOIA request had complied with the applicable agency regulations. It directed Immanuel to "show cause" within 14 days "why his complaint should not be dismissed in its entirety." When Immanuel failed to respond to the district court's show cause order, the court dismissed the action.

On appeal, Immanuel still has not described, even generally, the documents he seeks. At oral argument, his counsel maintained that

3

Immanuel was not interested in the list of unclaimed tax refunds, but admitted that it was "impossible to articulate" what documents Immanuel wanted.

We agree with the district court that Immanuel's request was not sufficiently specific to comply with FOIA, see Mason v. Callaway, 554 F.2d 129, 131 (4th Cir.) (per curiam), cert . denied, 434 U.S. 877 (1977), and that to the extent his request could be interpreted, the responses of the Department of the Treasury and the IRS were reasonable. Moreover, Immanuel cannot be heard to complain that the district court's dismissal order was improper when he did not respond to its show cause order and failed to describe the information he sought in even the most general terms.

AFFIRMED

4