554 F.2d 129
 77-2 USTC P 9694
 Irvin H. MASON, Appellant,
Phyllis H. Mason et al., Defendants,
v.
Howard H. CALLAWAY et al., Appellees.
Irvin H. MASON et al., Appellants,
v.
BRANIFF AIRWAYS, INC., Appellee,
Roger D. Hardacre et al., Defendants.
Irvin H. MASON, Appellant,
v.
Kenneth E. BELIEU, Appellee.
Irvin H. MASON, Appellant,
v.
Gerald R. FORD et al., Appellees.
Irvin H. MASON, Appellant,
v.
Stephen R. PICKARD, Appellee.
Irvin H. MASON et al., Appellants,
v.
Edward H. LEVI, Attorney General, et al., Appellees.
Irvin H. MASON et al., Appellants,
v.
Donald ALEXANDER, Commissioner of Internal Revenue Service,
Freedom of Information Officer, Internal Revenue
Service, Appellee.
 Nos. 75-1143, 75-1384, 76-1054, 76-1055, 76-1072, 76-1205
and 76-1404.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1976.
Decided April 13, 1977.
 
 Irvin H. Mason and Phyllis H. Mason (Lark D. Mason on brief), appellants pro se.
 Stephen R. Pickard, Asst. U.S. Atty., Elsie M. Powell, Asst. U.S. Atty., Alexandria, Va., M. Langhorne Keith and Francis J. Gould, Washington, D.C. (William B. Cummings, U.S. Atty., Alexandria, Va., Gilbert E. Andrews, Atty. Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellees.
 Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.
 PER CURIAM:
 
 
 1
 These are consolidated appeals from actions brought against myriad private and governmental defendants by the Mason family and their corporation, alleging in general conspiracies to defame and to obstruct justice, and seeking disclosure of certain information from the Internal Revenue Service, the office of the President, and the Justice Department under the Freedom of Information Act. 5 U.S.C. § 552. Their genesis was Mason's discharge as an employee of the Panama Canal Company. Upon review of the records and consideration of oral argument and written submissions by the parties, we conclude that the assignments of error are without merit and in all cases save one we affirm the judgments below either dismissing the complaints or granting defendants' motions for summary judgment. In No. 76-1054, we dismiss the appeal, which is taken from the district court's order of remand of the case to the State court from which the action was removed. Such a remand, of course, does not constitute an appealable order. 28 U.S.C. § 1447(d). The Masons' motion to enjoin proceedings in the State court is also without merit and is denied.
 
 
 2
 We find it necessary to comment only on the requests for documents under the Freedom of Information Act from the Commissioner of Internal Revenue and the Justice Department.
 
 
 3
 In their suit against Donald Alexander, Commissioner of Internal Revenue, No. 76-1404, the Masons seek to compel disclosure of documents relating to an IRS investigation of two individuals for possible tax evasion. The district court correctly held that such documents are exempt from disclosure under the Freedom of Information Act, specifically 5 U.S.C. § 552(b)(3), which reads:
 
 
 4
 "(b) This section does not apply to matters that are (3) specifically exempted from disclosure by statute." Under the Internal Revenue Code, 26 U.S.C. § 6103, tax "returns," which are broadly defined by IRS regulations,[1] are specifically non-disclosable except in extremely narrow circumstances not applicable here, on pain of criminal penalties. See 26 U.S.C. § 7213. Thus, the IRS properly declined to reveal to the Masons documents pertinent to an investigation of third parties' tax returns, although we take as true the Masons' allegation that they had informed on the alleged delinquent taxpayers.
 
 
 5
 In their suit against Attorney General Levi, No. 76-1205, the Masons seek disclosure of "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . . , including, but not limited to, the files of (various government offices)." This request typifies the lack of specificity that Congress sought to preclude in the requirement of 5 U.S.C. § 552(a)(3) that records sought be reasonably described. The district court correctly held that the records sought by the Masons pursuant to this request were inadequately identified, and its finding that the government made a good faith effort to comply with the request where possible, especially in view of the large number of documents actually supplied to them by the government, is not clearly erroneous. FRCP 52(a).
 
 
 6
 A petition for mandamus, No. 76-1612, filed by the Masons and set for oral argument with these cases is disposed of this date by separate order.
 
 
 7
 In Nos. 75-1143, 75-1384, 76-1072, 76-1055, 76-1205, and 76-1404, the judgments of the district court are AFFIRMED.
 
 
 8
 In No. 76-1054, the appeal is DISMISSED.
 
 
 
 [1]
 IRS Reg. 301.6103(a)-1(a)(3)(i) defines the term "return" as follows:
 "(a) Information returns, schedules, lists, and any other written statements filed by or on behalf of the taxpayers with the Internal Revenue Service which are designed to be supplemental to or become part of the return, and
 "(b) Other records, reports, information received orally or in writing, factual data, documents, papers, abstracts, memoranda, or evidence taken, or any portion thereof, relating to the items included under (a) of this subdivision."