Alan R. MARKS, Plaintiff-Appellant,

v.

UNITED STATES of America (DEPART-
MENT OF JUSTICE),
Defendant-Appellee.

No. 78–1201.

United States Court of Appeals,
Ninth Circuit.

July 12, 1978.

Alan R. Marks in pro per.

Before BROWNING, CARTER and ANDERSON, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Alan R. Marks appeals the district court's grant of summary judgment in favor of the U.S. Department of Justice in his suit challenging the sufficiency of the FBI's response to a Freedom of Information Act request. The sole issue is whether Marks rebutted the evidentiary showing made by the Department of Justice in favor of summary judgment. Marks' response did not establish the existence of a genuine issue of material fact. We affirm.

## I. FACTS

On February 5, 1976, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Alan R. Marks requested from the Washington, D.C. office of the FBI all files and documents maintained under his name. On December 20, 1976, the FBI sent Marks four pages of documents produced by a search of FBI records, including the "Central Records System" and the Electronic Surveillance (ELSUR) Indices. Certain deletions were made from these documents in accordance with the exemption provisions of 5 U.S.C. § 552. The only other documents pertaining to Marks were records of the instant litigation.

Upon receipt of these records Marks inquired whether any entire document had been deleted under an exemption, and further requested a search of the records of the San Francisco field office, from 1966 to date. The FBI informed Marks that no entire documents had been deleted from disclosure. They also searched the San Francisco field office records and advised Marks that there was no record identifiable with him in that office. Marks was further advised that if he believed other agencies or offices contained records concerning him, he should write directly to them.

Unwilling to believe that full disclosure had been made, Marks instituted the present litigation, *in pro per*, seeking release of documents allegedly undisclosed by the FBI. Marks availed himself of extensive discovery, including four depositions and three sets of requests for admissions, but obtained scant substantiation for his claim. In August 1977, the Department of Justice moved for summary judgment, supported by sworn affidavits from record custodians in Washington, D.C. and San Francisco that Marks had received all documents uncovered in response to his request. Marks filed two affidavits in opposition. On November 3, 1977, the district court, concluding that Marks was relying on "the sheerest speculation", granted the motion for summary judgment.

## II. SUMMARY JUDGMENT

Appellate review of summary judgment is limited to a determination whether there is a genuine issue of material fact. Fed.R.Civ.P. 56. The burden is on the moving party to establish the absence of any such fact. *Weinberger v. Hynson, Westcott & Dunning*, 412 U.S. 609, 622 n. 18, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973); *California Pacific Bank v. Small Business Administration*, 557 F.2d 218, 220 (9 Cir. 1977); 6 J. Moore, Federal Practice ¶ 56.15[1.–00] at 56–405 (2d ed. 1970). We must draw all inferences in a light most favorable to Marks. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *California Pacific Bank v. Small Business Administration, supra*, 557 F.2d at 220.

To prevail, the Department of Justice must show that each document in existence which has been requested either has been produced, is unidentifiable, or is wholly exempt under the Act. *National Cable Television Association, Inc. v. F. C.*

C., 156 U.S.App.D.C. 91, 94, 479 F.2d 183, 186 (1973). However, once the Department established through sworn affidavits that no undisclosed documents regarding Marks were contained in its relevant files, Marks was obligated to controvert that showing. *Mutual Fund Investors v. Putnam Management Co.*, 553 F.2d 620, 624 (9 Cir. 1977). Conclusory allegations unsupported by factual data will not create a triable issue of fact. *California ex rel. Department of Transportation v. United States, Etc.*, 561 F.2d 731, 733 n. 4 (9 Cir. 1977).

Marks makes three arguments in opposition to the Department's showing. First, he maintains the Department's affidavits are inadequate by themselves to support summary judgment because they refer only to the Washington, D.C. and the San Francisco records. No showing has been made regarding documents in other FBI offices. However, Marks did not request the FBI to search every file throughout all its field offices. Until this appeal, Marks appeared satisfied with a search of the agency's central files in Washington, D.C. and its field office records in San Francisco. The suggestion that the FBI should conduct an open-ended search throughout all its field offices is merely an afterthought.

■ Moreover, even if Marks is considered to have requested an all-encompassing search of the records of every field office of the FBI, the FOIA does not mandate that the FBI comply. The FOIA requires that federal agencies make records available only upon a request which "reasonably describes" the records sought. 5 U.S.C. § 552(a)(3). A description "would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." H.Rep.No.93–876 93rd Cong., 2d Sess. 6 (1974), U.S.Code Cong. & Admin.News 1971, p. 6271. *Accord Bristol-Myers Co. v. F.T.C.*, 138 U.S.App.D.C. 22, 25, 424 F.2d 935, 938 (1970), *cert. denied*, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970); S.Rep.No.813 89th Cong., 1st Sess. 8 (1965).

■ Although courts have been wary to prohibit this requirement from becoming a loophole through which federal agencies can deny the public access to legitimate information, it has been held that broad, sweeping requests lacking specificity are not permissible. *See, e. g., Mason v. Callaway*, 554 F.2d 129 (4 Cir. 1977), *cert. denied*, 434 U.S. 877, 98 S.Ct. 229, 54 L.Ed.2d 157 (1977), *reh. denied*, 434 U.S. 935, 98 S.Ct. 424, 54 L.Ed.2d 295 (1977) (Request for "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . ., including, but not limited to the files of [various government offices]" is not reasonably descriptive.); *Irons v. Schuyler*, 151 U.S.App.D.C. 23, 465 F.2d 608 (1972), *cert. denied*, 409 U.S. 1076, 93 S.Ct. 682, 34 L.Ed.2d 664 (1972) (Request is too broad which seeks "all unpublished manuscript decisions of the Patent Office, together with such indices as are available . . . ."); *Fonda v. C. I. A.*, 434 F.Supp. 498 (D.D.C.1977) (Request for all documents filed under plaintiff's name or which "concern her" but do not mention her name is too broad.).'

■ The requirement of reasonable description relates not only to subject matter, but as implied in *Mason v. Callaway, supra,* also relates to place of search. It would be an unreasonable interpretation of the FOIA to construe it to require a search of the kind envisioned by Marks every time a request for disclosure was filed. This is particularly true when the agency has made a good faith effort to comply. Here the FBI searched its "Central Records System", its "Electronic Surveillance (ELSUR) Indices" and its San Francisco field records, and indicated its willingness to search the records of other specific field offices upon further request. This is adequate compliance with Marks' request.

■ Second, Marks contends the FBI's affidavits state only that at present no documents relating to him exist. He argues that relevant documents could have been destroyed or removed. As the district court pointed out, this allegation assumes, without the slightest factual basis, that records were either destroyed or secreted. Such a conclusory allegation does not raise a genuine issue for trial.

Finally, Marks asserts there must be undisclosed records relating to him because he had been employed by the government in a "sensitive" position and because he was the subject of an unsolicited report to the FBI by a private citizen. He suggests it is a matter of common knowledge, subject to judicial notice, that files are always maintained by the FBI on such persons. Again, we agree with the district court:

> "But plaintiff has failed to submit any evidence that reports on such individuals are always or even routinely prepared in writing by the FBI. The mere fact that a portion of the record system is devoted to such reports cannot support any inference to that effect. Even if reports are prepared, there is no evidence as to how long they are preserved or in what department of the government they are kept. None of these facts is appropriate for judicial notice." *Memorandum of Opinion*, No. C–76–0933–CBR at 4.

### III. CONCLUSION

None of the Marks' allegations reveal a genuine issue of material fact. The judgment of the district court is AFFIRMED.