808 F.2d 834
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary Jane FREEMAN, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Defendant-Appellee.
 No. 86-1073.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 13, 1986.
Decided Dec. 29, 1986.
 
 Before WINTER, Chief Judge, BUTZNER, Senior Circuit Judge, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Bernard Fensterwald, III (Joseph N. Bowman; Fensterwald, Alcorn & Bowman on brief) for appellant.
 Mark B. Stern, Appellate Staff Civil Division, Dept. of Justice (Richard K. Willard, Assistant Attorney General; Henry E. Hudson, United States Attorney; Leonard Schaitman, Appellate Staff Civil Division, Dept. of Justice on brief) for appellee.
 MacKENZIE, Senior District Judge:
 Mary Jane Freeman, in her complaint, charged that the Federal Bureau of Investigation (FBI) had failed to respond promptly and reasonably to her request for information and documents under the Freedom of Information Act (FOIA).
 From the district court ruling in favor of the Department of Justice on the FOIA requests, Freeman appeals.
 Finding no merit in Freeman's contentions, we affirm the decision of the district court.
 * In May 1985, Freeman submitted a FOIA request to the FBI for information seeking the disclosure of all material in the possession of the FBI pertaining to contacts between the International Brotherhood of Teamsters (IBT) and Lyndon H. La Rouche, Jr. or any of his associates. The request included any documents relating to La Rouche which might be found in an alleged FBI informant file of IBT president Jackie Presser. Freeman couched her request in terms that the FBI should search "all filing systems and locations for all records maintained by FBI headquarters, and including but not limited to the Cleveland, Detroit and Chicago field offices of the FBI."
 Shortly thereafter, the FBI notified appellant that it was conducting a search to meet her request. On October 11, 1985, the FBI advised appellant that it had completed the search of its central indices at the FBI headquarters and in its Chicago, Detroit and Cleveland field offices, and that no documents responsive to her request were found. At the same time she was further advised that the FBI would neither confirm nor deny the existence of a Presser-informant file without first receiving a notarized statement from Presser agreeing to such release.
 Even before receiving the October 1985 response to her request, appellant filed suit in the United States District Court requesting that the FBI's records be declared open for her inspection. The Justice Department moved for summary judgment on grounds that it had conducted a reasonable search with negative results. Opposing summary judgment, Freeman produced a "Probex" document (apparently a telex or telegram, see Appendix, P. 27), recovered from the FBI in an unrelated case, which made reference to La Rouche and the "Teamsters." Appellant argued that since the FBI's search in this case did not produce this Probex document, a factual issue immediately arose as to whether the search in this case was, in fact, reasonable. The district court orginally denied the Justice Department's motion for summary judgment and a second search was conducted.
 
 
 1
 In February 1986, the Justice Department renewed its motion for summary judgment and supported it with a declaration by FBI Special Agent Reginato. In the declaration Reginato explained that the Probex message was not located in response to the Freeman request because the Probex telegram between FBI offices did not contain any reference to the "International Brotherhood of Teamsters." It was not, therefore, indexed in the International Brotherhood of Teamsters' FBI file as a "see" reference to La Rouche, nor was it indexed in the FBI La Rouche file as a "see" reference to trigger inquiry to the International Brotherhood of Teamsters. The innocuous telegram did not therefore surface during the Freeman search.
 
 
 2
 The district court, in granting the Justice Department's renewed motion, made a finding (1) that the FBI search in response to appellant's FOIA request was reasonable and (2) that the FBI's refusal to confirm or deny the existence of an alleged file on IBT president, Jackie Presser, as an informant, was proper. The appellant appeals the district court decision claiming error in both findings.
 
 II
 
 3
 Appellant attacks the adequacy and good faith of the FBI's file search stating that the FBI acted unreasonably and in bad faith by restricting its search to the words "International Brotherhood of Teamsters" even though that was Freeman's specific request, see Appendix, P. 1, and by failing to examine the records of all FBI field offices. Freeman also takes exception to the nearly five months the FBI took to answer her request.
 
 
 4
 The adequacy of an agency's search for documents in response to a FOIA request is judged by a standard of reasonableness. Weisberg v. United States Department of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984). In order to prevail on a motion for summary judgment, an agency must show that no genuine issue of material fact exists as to the adequacy of its search. In meeting this burden, the agency may rely upon reasonably detailed, nonconclusory affidavits and declarations submitted in good faith. Once the agency meets this burden, summary judgment will be granted unless the party requesting information can controvert the agency's showing. Marks v. United States Department of Justice, 578 F.2d 261, 263 (9th Cir.1978).
 
 
 5
 Agent Reginato's declaration is sufficient to meet the FBI's burden. Appellant's contention that the Probex document might have been found is wholly conclusory. Appellant cannot escape summary judgment by raising a merely speculative issue of fact. Atlantic States Construction Co. v. Robert E. Lee & Co., Inc., 406 F.2d 827 (4th Cir.1969). "[A] search is not unreasonable simply because it fails to produce all relevant material...." Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C.Cir.1986).
 
 
 6
 Appellant's contention that the FBI unreasonably limited its search to the FBI main headquarters and the Cleveland, Detroit and Chicago field offices is similarly without merit. Appellant's search request asked the FBI to search "all filing systems and locations for all records maintained by FBI headquarters, and including but not limited to the Cleveland, Detroit and Chicago field offices of the FBI." This, she states, is a request to conduct a search in each of the 59 FBI field offices. Freeman's request was ambiguous, but even if it was as all-encompassing as she now claims, the FBI is not required to search all field offices in response to a FOIA request.
 
 
 7
 A person requesting agency information must reasonably describe the records sought. 5 U.S.C. Sec. 552(a)(3). This requirement relates not only to the subject matter of a search but also to its location. Marks, 578 F.2d at 263. The FBI is not required by FOIA to comply with a search request asking it to conduct an all-encompassing search of every field office. Id. The FBI responded adequately to appellant's request by searching its headquarters' files and the files of the three field offices specified in the request.
 
 
 8
 Appellant attacks the good faith of the FBI and thus the propriety of the FBI search by showing that the agency took nearly five months to respond to her search request. While the FBI did not respond within the ten-day period established by 5 U.S.C. Sec. 552(a)(6)(A)(i), that fact alone does not constitute bad faith. See Open America v. Watergate Special Prosecuting Force, 547 F.2d 605 (D.C.Cir.1976) (discussing the FBI's processing of FOIA requests).
 
 III
 
 9
 Finally, appellant contends that the FBI's failure to either confirm or deny the existence of an alleged informant file on Jackie Presser, president of the IBT, was improper. The Justice Department argues that 5 U.S.C. Sec. 552(b)(6), exempting disclosure of personnel files when such would constitute "a clearly unwarranted invasion of personal privacy," and 5 U.S.C. Sec. 552(b)(7)(c), which further exempts disclosure of investigatory records compiled for law enforcement when such would constitute "an unwarranted invasion of personal privacy," prohibits the FBI from disclosing whether or not an alleged informant file on Presser exists without first receiving a notarized release from him. The district court held that Presser's privacy interest in this information outweighed the public's interest in "scrutinizing the integrity of the FBI." Accordingly, the district court did not require disclosure of the information. We find no error in the district court's decision.
 
 
 10
 The FBI conducted a reasonable search in response to appellant's FOIA request. It also acted properly in neither confirming nor denying the existence of a Presser informant file. This court has noted the "limited role [of] an appellate court reviewing the findings of a district court in a FOIA case," holding that the reviewing court "must simply determine whether (1) the district court had an adequate factual basis for the decision rendered and (2) whether upon this basis the decision reached is clearly erroneous." Willard v. Internal Revenue Service, 776 F.2d 100, 104 (4th Cir.1985). The decision of the district court is in accord with credible evidence and is not clearly erroneous.
 
 
 11
 AFFIRMED.