972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol Van STRUM, Plaintiff-Appellant,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant-Appellee.
Carol Van STRUM, Plaintiff-Appellant,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant-Appellee.
 Nos. 91-35404, 91-35577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 6, 1992.
Decided Aug. 17, 1992.
 
 Before GOODWIN, TANG and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Van Strum appeals the judgment after a bench trial in favor of the Environmental Protection Agency in her suit challenging the EPA's response to her Freedom of Information Act request for documents relating to dioxin. We must determine whether the trial court had an adequate factual basis for its decision and, if so, whether that decision was clearly erroneous. National Wildlife Fed'n v. United States Forest Serv., 861 F.2d 1114, 1116 (9th Cir.1988). We affirm.
 
 1. Construction of the first request
 
 3
 The trial court relied on testimony from EPA officials in finding that "through their oral communications the parties agreed to limit the scope" of Van Strum's initial FOIA request "to documents related to the [National Dioxin Study] and to exclude, at least temporarily, numerous documents related to other portions of the [Dioxin] Strategy." This finding is not clearly erroneous.
 
 
 4
 The court's determination that the parties agreed to narrow Van Strum's request to NDS-related documents is supported by Van Strum's November 15, 1986, letter to EPA employee James Cummings and by Cummings' December 8, 1986, letter to Van Strum's husband, Paul Merrell, which accompanied the transmittal of the summary documents and stated that the agency was prepared to provide further documents in response to more specific follow-up requests by Van Strum.
 
 2. Overbreadth
 
 5
 The trial court found that Van Strum's initial FOIA request was "broad enough to include every document that had any conceivable connection with the substance dioxin" and that, in view of the massive size of this request, the most "reasonable and efficient" response was for the EPA "to seek clarification and eliminate materials plaintiff was not interested in."
 
 
 6
 Van Strum argues that the trial court erred in allowing an amendment of the EPA's Answer to include an overbreadth defense. This contention lacks merit. Van Strum admits she was aware from the beginning that the EPA considered her initial request to be overly broad. In construing the EPA's summary judgment papers as a motion to amend its pleadings, the district court committed no error. See Fed.R.Civ.P. 15(b).
 
 
 7
 Van Strum maintains that no matter how burdensome her request was to the EPA, the agency nevertheless was obliged to provide all documents within its scope. She contends that the EPA acted improperly in seeking to narrow her first request and that the only relevant inquiry is whether her initial request enabled the EPA to identify all potential responsive documents. We disagree. An agency is justified in denying or seeking clarification of FOIA requests that are so broad that the corresponding search for documents would place an inordinate burden on agency resources. See Marks v. Department of Justice, 578 F.2d 261, 263 (9th Cir.1978); see also American Fed'n of Gov't Employees, Local 2782 v. Department of Commerce, 907 F.2d 203, 208-09 (D.C.Cir.1990). Van Strum's unmodified initial request would have required the agency to "locate, review, redact, and arrange" a vast amount of material. American Fed'n, 907 F.2d at 209.
 
 3. The EPA's Compliance
 
 8
 Both parties agree that the date for measuring the EPA's compliance with Van Strum's first request was the date the EPA completed its search for responsive documents. The district court concluded that "the most reasonable date for setting the temporal cut-off in this case is March 18, 1987, the date upon which the search for documents was completed." The court's finding of a March 18 compliance date was supported by the trial testimony of EPA employee Stephen Kroner and was not clearly erroneous.
 
 
 9
 With respect to the five groups of records at issue on appeal, the district court found that the documents either were beyond the scope of Van Strum's first request, as narrowed, or were not in existence at the time of the EPA's March 1987 search. These determinations are supported by evidence--in particular, the testimony of Cummings and Kroner--and are not clearly erroneous.
 
 4. Attorney fees
 
 10
 To qualify as a substantially prevailing party eligible for attorney fees under 5 U.S.C. § 552(a)(4)(E), the plaintiff must present "convincing evidence" that the lawsuit "could reasonably have been regarded as necessary to obtain the information" and that the litigation "had a substantial causative effect on the delivery of the information." Church of Scientology v. United States Postal Serv., 700 F.2d 486, 489 (9th Cir.1983). We review for clear error the district court's determination that Van Strum is ineligible for attorney fees under the FOIA. See id. at 489-92 (holding that the determination of a plaintiff's eligibility for fees is a factual question, whereas the district court's decision to award fees to an eligible plaintiff is a matter of discretion).
 
 
 11
 While an agency's release of documents after the filing of a complaint is probative of the litigation's necessity and causative effect, it is not dispositive. See Weisberg v. Department of Justice, 848 F.2d 1265, 1268, 1271 (D.C.Cir.1988). Here, the district court found that the EPA conducted its document search immediately following receipt of Van Strum's second request and provided over 18,000 pages of documents in three installments over the next two months. The EPA had earlier indicated--in Cummings' December 8, 1986 letter to Merrell--that it would cooperate and produce documents in response to more specific requests from Van Strum. The court did not err in finding that Van Strum's suit was not reasonably necessary to obtain the documents and was not the cause of their release.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3