974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul R. DUCKWORTH, Plaintiff-Appellant,
v.
DEPARTMENT OF NAVY; Department of Justice, Defendants-Appellees.
 No. 91-15921.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1992.*
Decided Sept. 10, 1992.
 
 Before WALLACE, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 MEMORANDUM
 
 1
 Duckworth appeals from the district court's summary judgment in favor of the government and denial of his motion for default judgment in his action under the Freedom of Information Act (FOIA). See 5 U.S.C. § 552. The district court had jurisdiction pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989). Whether the district court properly denied Duckworth's motion for default judgment is a mixed question of law and fact we also review de novo. See United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 111 S.Ct. 173, 210 (1990). We affirm.
 
 
 2
 Duckworth requested certain information from the government pursuant to the FOIA. In an action brought to perfect such a request, once the government moves for summary judgment and establishes through affidavits either that it has supplied the individual with the requested information or that it does not exist, the individual must controvert this showing. See Marks v. United States, 578 F.2d 261, 263 (9th Cir.1978). "Conclusory allegations unsupported by factual data will not create a triable issue of fact." Id. Instead, the individual must "offer evidence of such a caliber that a fair-minded jury could return a verdict for [him] on the evidence presented." United States v. Wilson, 881 F.2d 596, 601 (9th Cir.1989) (internal quotation marks omitted).
 
 
 3
 In this case, when the government moved for summary judgment, it submitted affidavits establishing that the information requested by Duckworth either was supplied to him or did not exist. There was no declaration or affidavit filed in response to the government's motion for summary judgment. Rather, Duckworth filed a "response" in which he claimed that his request for information was, for the most part, unsatisfied. Even if his document had been properly authenticated, it would have been unsuccessful. His allegations are conclusory and are not so substantial that a fair-minded jury could return a verdict for him. See id. Therefore, the district court did not err by granting the government's motion for summary judgment.
 
 
 4
 Duckworth further contends that the district court erred by denying his motion for default judgment against the government. Under the Federal Rules of Civil Procedure, default judgment shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). However, a default judgment, like any other judgment, may be entered against the defendant only if the defendant has been made a party to the action by service of process. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In an action against an agency of the United States, service shall be made "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States," Fed.R.Civ.P. 4(d)(4), and "by sending a copy of the summons and of the complaint by registered or certified mail to such ... agency," Fed.R.Civ.P. 4(d)(5).
 
 
 5
 Duckworth failed to comply with these requirements. Before moving for default judgment, he failed to deliver a copy of the summons and complaint to the United States Attorney for the Central District of California, where the action was originally brought. Instead, he only mailed it. Because the government was not properly served, default judgment could not be entered against it. Therefore, the district court properly denied Duckworth's motion for default judgment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4