**Stanley O. GAINES, Jr., Plaintiff—Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant—Appellee.**

No. 01–56653.

D.C. No. CV–00–12215–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 17, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Stanley O. Gaines, Jr., appeals pro se the district court's summary judgment in his action alleging the Equal Employment Opportunity Commission ("EEOC") failed

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

to comply with the disclosure requirements of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review summary judgment in FOIA cases under a two-step standard of review, first determining whether the district court's decision had an adequate factual basis, and then reviewing de novo whether the district court properly concluded that an exemption should apply. *Minier v. CIA,* 88 F.3d 796, 800 (9th Cir.1996).

The district court's decision had an adequate factual basis because the EEOC presented declarations demonstrating that it had never had custody or control of the document Gaines sought and Gaines failed to rebut this evidence. *See Marks v. U.S.,* 578 F.2d 261, 262–63 (9th Cir.1978). Therefore, the district court properly concluded that the EEOC had no disclosure obligation pursuant to FOIA. *See* 5 U.S.C. §§ 552(a)(4)(B) (granting district courts jurisdiction to enjoin disclosure of "agency records"); 552(f)(2) (defining "record" as information "maintained by an agency"); *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150–51, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980) (holding agency must have had "custody and control" of document as condition precedent to improperly withholding it under section 552(a)(4)(B)).

We reject Gaines' remaining contentions as lacking merit.

**AFFIRMED.**