UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DANIEL E. HEILY,
                    *Plaintiff-Appellant,*

            v.

UNITED STATES DEPARTMENT OF
COMMERCE,
                    *Defendant-Appellee,*

            and

JOHNNIE FRAZIER, Inspector General;
HECTOR BENITEZ; DONALD EVANS, as
an individual and Secretary of
Commerce; BRENDA DOLAN,
Departmental Freedom of
Information Officer; BARBARA S.
FREDERICKS, Assistant General
Counsel for Administration; BRIAN
DIGIACOMO; AZALEA NUNNALLY,
Office of Inspector General,
                    *Defendants.*

No. 03-1309

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-02-415-A)

Submitted: June 12, 2003

Decided: July 3, 2003

Before WIDENER and NIEMEYER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Daniel E. Heily, Appellant Pro Se. Francis Patrick King, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Daniel E. Heily brought this action against the Department of Commerce ("DOC") challenging its withholding of certain documents pursuant to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000). The district court granted the DOC's motion for summary judgment, and Heily appeals. We affirm.

On review of a district court's grant of summary judgment in favor of the government in a FOIA action, we must determine de novo whether, after taking the evidence in the light most favorable to the nonmovant, there remains any genuine issue of material fact and whether the government is entitled to summary judgment as a matter of law. *See Ethyl Corp. v. United States Envtl. Prot. Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994).

Heily argues that: (1) the district court erred by granting summary judgment in favor of the DOC because triable issues of fact remain at issue; (2) the DOC was permitted to paralyze discovery; (3) the scope of discovery was limited in conflict with FOIA; and (4) the district court issued inappropriate protective orders. For the reasons that follow, we find that Heily's arguments fail.

FOIA requires federal agencies to disclose agency records unless they may be withheld pursuant to one of nine enumerated exemptions listed in § 552(b). A defendant agency has the burden of establishing the adequacy of its search and that any identifiable document has either been produced or is subject to withholding under an exemption. *See Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). This burden may be met through affidavits explaining the manner in which the search was conducted. *See id*. An agency's affidavits must be relatively detailed and nonconclusory in order to support a FOIA exemption. *See Simmons v. United States Dep't of Justice*, 796 F.2d 708 (4th Cir. 1986); *see also National Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 680 (D.C. Cir. 1976) (holding that conclusory and generalized allegations are unacceptable as means of sustaining the burden of nondisclosure). The court is entitled to accept the credibility of such affidavits, so long as it has no reason to question the good faith of the agency. *See Bowers v. United States Dep't of Justice*, 930 F.2d 350, 357 (4th Cir. 1991); *see also Carney*, 19 F.3d at 812 (holding that such affidavits are accorded a presumption of good faith). To prevail over this presumption, a requestor must demonstrate a material issue by producing evidence, through affidavits or other appropriate means, contradicting the adequacy of the search or suggesting bad faith. *See Miller v. United States Dep't of State*, 779 F.2d 1378, 1384 (8th Cir. 1985). When deciding whether these burdens have been met, the district court must consider everything in the light most favorable to the nonmoving party.

In the present case, the district court did not err by granting the DOC's motion for summary judgment as to Heily's FOIA requests. The DOC provided an affidavit from Brenda Dolon, the Departmental Freedom of Information Officer, listing the documents sought by Heily, a description of the search conducted by the DOC, the documents released to Heily, and an extensive explanation of the reasons certain documents were withheld. A *Vaughn*\* index prepared by the DOC also was attached to the affidavit. We find that the affidavit produced by the DOC outlines its more than adequate search for responsive documents, and outlines, in detail, its reasons for withholding certain documents or portions thereof. Thus, the DOC met its burden

---

\**See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

of showing that it performed an adequate search and that any identifiable document was either produced or was subject to withholding under an exemption. *See Carney*, 19 F.3d at 812.

Moreover, Heily fails to provide any evidence to rebut the affidavit. Although he seems to believe that there are other documents that he is entitled to, this belief, standing alone, is inadequate to withstand a motion for summary judgment. *See Marks v. United States*, 578 F.2d 261, 264 (9th Cir. 1978) (stating that conclusory allegation that files must exist without further support does not raise genuine issue for trial); Fed. R. Civ. P. 56(e) (requiring that affidavits in opposition to motions for summary judgment be based on first-hand knowledge). Thus, we find that the district court did not err by granting summary judgment in favor of the DOC.

We also disagree with Heily's arguments that the DOC was allowed to paralyze discovery, and that the scope of discovery was limited in conflict with FOIA. It is well-established that discovery may be greatly restricted in FOIA cases. *See Simmons*, 796 F.2d at 712 (holding that district court has discretion to limit discovery in FOIA cases and to enter summary judgment on basis of agency affidavits in proper case). When the courts have permitted discovery in FOIA cases, it generally is limited to the scope of the agency's search and its indexing and classification procedures. *See Weisberg v. United States Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980); *see also Public Citizen Health Research Group v. Food & Drug Admin.*, 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that discovery is limited to investigating the scope of agency's search for responsive documents, the agency's indexing, and the like).

In the present case, after the stay on discovery was lifted, discovery was limited to any factual disputes challenging the adequacy of the agency's search for documents and the adequacy of the index prepared by the agency describing its reasons for withholding any documents, in accordance with the district court's adoption of the DOC's discovery plan. Notwithstanding these limitations, the DOC responded to Heily's interrogatories within the time set by the district court. Also, the DOC attempted to resolve the disputes surrounding production of several DOC employees for deposition. Thus, we find no evidence to substantiate Heily's contention that the DOC para-

lyzed discovery. Instead, the record reveals that it acted properly within the rules of discovery and the specific boundaries set by the district court.

Lastly, Heily argues that the district court issued inappropriate protective orders. We find that this argument also fails. Although the district court authorized up to three non-party witness depositions, the district court entered protective orders preventing the depositions of three DOC employees. Heily argues that these employees have knowledge relating to his claim and should, therefore, be allowed to be deposed. Even assuming that these individuals do have relevant information, the record reveals that Heily sought to depose them regarding the deliberative process, attorney-client privileged communications, and attorney work product. Thus, because these are all areas that are specifically exempted from disclosure under FOIA, we find that the district court's protective orders preventing such depositions are appropriate.

Accordingly, we affirm the district court's grant of summary judgment in favor of the DOC. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*