**Randy McRAE Plaintiff,**

v.

**Janice Williams OLIVE, et al. Defendant.**

**No. CIV.A. 03–00696(RMC).**

United States District Court, District of Columbia.

May 5, 2005.

Randy McRae, Largo, MD, pro se.

Harold D. Martin, II, David A. Hyden, John J. Grimaldi, II, Washington, DC, for Defendant.

## MEMORANDUM OPINION

COLLYER, District Judge.

This lawsuit is an outgrowth of marital discord between Randy McRae and his former wife, Artina Williams McRae. During the course of the break-up of the McRae marriage and their divorce, it is alleged that Mrs. McRae's sister, Janice Williams Olive, a member of the Metropolitan Police Department ("MPD"), misused her official position to commit assault, trespass and false arrest against Mr.

McRae and in support of Mrs. McRae. Officer Olive's husband, Fred Olive, is also alleged to have assaulted Mr. McRae and interfered with his freedom of movement. Mr. McRae, an attorney who is proceeding *pro se*, sues the Olives and the District of Columbia alleging violations of his civil rights and assault (Counts One and Three), and negligence by the District of Columbia in the hiring and training of Officer Olive (Count Two). The emotion and anger surrounding the demise of the McRae marriage have been palpable throughout this litigation. Suddenly, after briefs on cross-motions for summary judgment, Mr. McRae has dropped his complaint against his former relatives and seeks to proceed only against the District of Columbia.[1] The Court finds that there is no basis on which to impose any liability for this unfortunate family breakdown on the D.C. Government. Accordingly, the District's motion for summary judgment will be granted and the case will be dismissed.

## I. BACKGROUND

Mr. and Mrs. McRae were married on June 23, 1990 and divorced on January 2, 2003. They have two children. At some point prior to January 28, 2001, a breakdown in the marital relationship occurred. Plaintiff's complaint identifies seven incidents between January 28, 2001 and June 30, 2003 that allegedly make the initial defendants liable to him for money damages. However, in his brief in opposition to the District's motion for summary judg-

ment, Mr. McRae addresses only two such incidents. Thus, the Court will limit itself to evaluating the two incidents addressed by Mr. McRae and will deem argument on any other incident waived.[2]

First, Mr. McRae identifies an occasion on or about January 28, 2001, when Mrs. McRae and her sister, Officer Olive, traveled to Laurel, Maryland to visit a woman with whom they suspected Mr. McRae had been involved. Upon returning home, Mrs. McRae began to strike Mr. McRae in the face repeatedly and attempted to stab him with a straight razor. According to Mr. McRae, Officer Olive observed the entire episode, made no attempt to restrain Mrs. McRae, and "appeared to reach for her police revolver," while telling Mr. McRae that he "better not hit my sister." Compl. ¶ 6. Second, Mr. McRae identifies an incident on June 30, 2003, when the Olives came to his residence, parked in his driveway behind his car (thereby preventing him from backing out of the driveway), and assaulted him by hitting him repeatedly about the head, shoulders and face. It is this latter incident that underlies the alleged trespassing, assault and false arrest.

## II. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)); *Anderson v.*

---

1. Mr. McRae sought summary judgment only against Officer Olive. Separately, he sought a default judgment against Mr. Olive. He has since withdrawn all claims against both.

2. The District of Columbia based its motion for summary judgment on a Statement of Material Facts As to Which There Is No Genuine Issue. Mr. McRae responded in brief that

he "denies, controverts and objects to the facts as presented by Defendant," but offered no affidavit or other evidence by which to counter any of the facts on which the District of Columbia relies. Plaintiff's Opposition to District's Motion for Summary Judgment ("Pl.s Opp.") at 1. Although he is a *pro se* plaintiff, Mr. McRae is also an attorney.

*Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not a "disfavored procedural shortcut[;]" rather, it is a reasoned and careful way to resolve cases fairly and expeditiously. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding whether there is a disputed issue of material fact, the trial court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Washington Post Co. v. U.S. Dep't of Health and Human Servs.,* 865 F.2d 320, 325 (D.C.Cir.1989).

The Court's threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The party moving for summary judgment bears the initial responsibility of informing the trial court of the basis for its motion and identifying the portions of the record that it believes demonstrate an absence of a genuine issue of material fact. *See Alexis v. District of Columbia,* 44 F.Supp.2d 331, 337 (D.D.C.1999). Once the moving party shows that there is a lack of evidence to support the opponent's case, the burden shifts to the non-movant to show, through affidavits or otherwise, the existence of a material issue for trial. *Bias v. Advantage Intern., Inc.,* 905 F.2d 1558, 1561 (D.C.Cir.1990); *see Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C.Cir.1987)(citing FED. R. CIV. P. 56(c)). Conclusory allegations by the non-movant are insufficient to withstand summary judgment. *Exxon Corp. v. F.T.C.,* 663 F.2d 120, 127 (D.C.Cir.1980)(citing *Marks v. United Stated Dep't of Justice,* 578 F.2d 261, 263 (9th Cir.1978)).

## III. ANALYSIS

Mr. McRae pursues the District of Columbia, after withdrawing his allegations against Officer and Mr. Olive, based on the failure of the MPD to take any corrective action. He argues that Officer Olive has admitted in a deposition that she is an MPD officer, she entered upon Mr. McRae's property, she detained Mr. McRae without a warrant, and MPD took no action against her. Pl.'s Opp. at 2. This conduct by Officer Olive is alleged to have amounted to an arrest without a warrant and to have violated Mr. McRae's civil rights. *Id.* As a result, Officer Olive "establishes proof positive that the District, in fact did act with 'conscious, reckless and deliberate indifference,' by failing to bother to perform or conclude an investigation regarding her 6/30/03 acts" because Officer Olive was never disciplined, warned or put on report after Mr. McRae's complaint. *Id.* at 4 (citations omitted).

In response, the District of Columbia correctly argues that the MPD is not a separate suable entity, and therefore must be dismissed. It is well-settled that bodies within the D.C. Government are not suable absent statutory provisions allowing such suit. *See Trifax Corp. v. District of Columbia,* 53 F.Supp.2d 20, 26 (D.C.Cir.1999)(concluding that the Office of the Inspector General, Department of Health, Department of Administrative Services, and the Department of Human Services are *non sui juris* and must be dismissed as parties); *see also Roberson v. District of Columbia Board of Higher Education,* 359 A.2d 28, 31 n. 4 (D.C. 1976)(D.C. Board of Higher Education); *Miller v. Spencer,* 330 A.2d 250, 251 n. 1 (D.C.1974 (Department of Sanitation); *Ray v. District of Columbia,* 535 A.2d 868, 869 n. 2 (D.C.1987) (Fire Department, Board of Police and Fire Surgeons, and

Police and Fire Clinic). Thus, the MPD will be dismissed.

■ Next, the District of Columbia argues that Mr. McRae has failed to satisfy the mandatory notice requirement of § 12–309 of the D.C.Code (2001 edition), which provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

The purpose of this provision is to protect the District against unreasonable claims and to allow it to investigate when evidence might still be available and any danger may be corrected for the common good. *See Pitts v. District of Columbia,* 391 A.2d 803, 807 (D.C.1978). These notice requirements are a mandatory prerequisite to filing a lawsuit against the District. *See District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C.1995); *Gwinn v. District of Columbia,* 434 A.2d 1376, 1378 (D.C.1981). Notice to officials subordinate to the Mayor is not sufficient. *Brown v. District of Columbia,* 251 F.Supp.2d 152, 158 (D.D.C.2003).

It is uncontested that Mr. McRae sent a February 21, 2002 letter to Captain Barnes of the MPD, but never sent a letter to the Mayor of the City prior to instituting suit. While he argues that he sent a letter to the Mayor in December 2003, the letter was sent *after* this suit was filed in March 2003 and therefore does not fulfill either the spirit or the letter of § 12–309. Thus, were Mr. McRae pursuing tort claims for assault, trespass or false arrest against the District of Columbia, such claims would be dismissed for failure to provide timely notice.

Mr. McRae responds to the District's argument, however, by arguing that his claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 do not require prior notice to the Mayor. While legally accurate, this argument does not ultimately save either of Mr. McRae's claims from dismissal.

■ "[A] municipality cannot be held liable solely because it employs a tortfeasor ...." *Collins v. City of Harker Heights,* 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (*quoting Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). "Instead, it is when execution of a *government's policy or custom,* whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 121, 112 S.Ct. 1061. Thus, to maintain an action under § 1983, Mr. McRae must demonstrate a deprivation of his constitutional rights that was caused by a policy, custom or practice of the District of Columbia, or a single "municipal decision [that] reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Board of the County Comm'rs of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

■ Mr. McRae argues that the failure of the MPD to investigate and discipline Officer Olive for her conduct, especially her conduct on June 30, 2003, amounted to "deliberate indifference" sufficient to maintain his suit. The Court disagrees. Deliberate indifference is determined objectively, by analyzing whether the municipality knew or should have known of the risk of constitutional viola-

tions, and yet failed to respond as necessary. *Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C.Cir.2003). A plaintiff "must show more than simple or even heightened negligence; the District's indifference must be conscious, or at least reckless." *Byrd v. District of Columbia*, 297 F.Supp.2d 136, 139 (D.D.C.2003) (citation omitted). When Mr. McRae first complained about Officer Olive to Captain Barnes, the MPD conducted an investigation during which Officer Olive's police powers were revoked, and the MPD interviewed Officer Olive, Mrs. McRae, Mr. McRae's attorney, and a pastor from his church. Officer Olive was subsequently counseled about being involved in domestic disputes. The incident on which Mr. McRae pins his argument—the alleged "arrest" by Officer Olive when her car blocked his and she hit him—occurred in June 2003. Mr. McRae complained of this conduct by letter to the MPD on or about January 26, 2004. *See* Plaintiff's Statement of Material Undisputed Facts ¶ 5. There was, at that point, nothing "reckless" or "indifferent" about the MPD's failure to informally or formally reprimand Officer Olive for alleged conduct that had been of short duration, seemingly with no connection to Officer Olive's official position, and that occurred over six months earlier.

Mr. McRae is unable to articulate or identify a policy, custom or practice by the District of Columbia upon which to maintain a § 1983 claim, as required by *Monell*. His evidence falls far short of demonstrating recklessness or deliberate indifference such "that a violation of a particular constitutional or statutory right will follow the [municipal] decision." *Brown*, 520 U.S. at 403, 117 S.Ct. 1382. Indeed, the alleged interference with Mr. McRae's constitutional rights occurred *before* the alleged municipal decision to forego a reprimand of Officer Olive. Thus, that municipal de-

cision did not and could not have led to the harm. *Monell* teaches that the City is not responsible for the actions of MPD officers on a theory of *respondeat superior. See Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *see also Collins*, 503 U.S. at 121, 112 S.Ct. 1061. Since there is no policy or decision by the District of Columbia that can be said to have led to Mr. McRae's alleged injury, his claim under 42 U.S.C. § 1983 is infirm and will be dismissed.

■ Finally, Mr. McRae offers no evidence to support his claim under 42 U.S.C. § 1985, which alleges a conspiracy to interfere with his civil rights. To establish a cause of action pursuant to § 1985, the plaintiff must demonstrate that the alleged conspiracy is motivated by some class-based invidiously-discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Hoai v. Vo*, 935 F.2d 308, 314 (D.C.Cir.1991), *cert. denied*, 503 U.S. 967, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992), *reh'g denied*, 504 U.S. 936, 112 S.Ct. 2007, 118 L.Ed.2d 602 (1992); *Michelin v. Jenkins*, 704 F.Supp. 1, 4 (D.D.C.1989). Mr. McRae has failed to do so, and therefore this claim must be denied.

## IV. CONCLUSION

It appears the family feud that started this lawsuit has been settled, as Mr. McRae has dropped his complaint against Officer Olive and Mr. Olive. Because the remaining allegations against the District of Columbia are not supported in law or in fact, they must be dismissed. Summary judgment will be granted to the District of Columbia. A separate order accompanies this memorandum opinion.