**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD COLE BURCHETT, | No. 10-35763 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00346-JLQ |
| v. | |
| ROBERT BROMPS and TODD WIGGS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted August 30, 2011
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Plaintiff-Appellant Donald Burchett ("Burchett") appeals the summary judgment grant to defendant-appellee Robert Bromps ("Bromps"), Burchett's parole officer, in Burchett's suit for violation of his First Amendment rights under 42 U.S.C. § 1983. Burchett argues the district court improperly weighed his direct testimony evidence—that Bromps violated the Establishment Clause by imposing an improper

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

oral condition on Burchett's parole (limiting the denomination of church Burchett could attend)—against contrary evidence produced by Bromps. Burchett argues that the district court should have treated his testimony as true in considering Bromps' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Ordinarily a district court may not weigh direct evidence presented by the nonmoving party against evidence presented by the moving party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It must accept a non-moving party's direct evidence as true, *id.*, and generally may not disregard direct evidence on the basis that it is implausible or incredible. *See McLaughlin v. Liu*, 849 F.2d 1205, 1207-08 (9th Cir. 1988).

Nonetheless, "[c]onclusory allegations unsupported by factual data will not create a triable issue of fact" allowing a party to survive a summary judgment motion. *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Here, Burchett merely averred, in a single statement in a deposition, that Bromps told him he could not attend a Seventh Day Adventist church while on parole. Burchett did not bolster this bare

2

allegation with any supporting facts or evidence.[1]  Self-serving affidavits may be cognizable on motions for summary judgment if they go beyond conclusions and include facts that would be admissible in evidence, *see United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999), but "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact," *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1996); *see also Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) (summary judgment inappropriate where plaintiff set forth facts directly relevant to claim with "great specificity"); *McLaughlin*, 849 F.2d at 1206 (nonmoving party survived summary judgment where he relied on sworn affidavit that included specific factual averments, sworn answers to interrogatories, and payroll documentation supporting his factual allegations).

Thus, Burchett could not survive summary judgment without setting forth some detailed facts or other evidence to support his conclusory claim, *see Taylor v. List*, 880

---

[1]For example, Burchett has never alleged he was denied permission to attend church on the basis of the church's denomination, and undisputed records show that the condition he claims was placed on him was never made a part of his official parole conditions.  Further, Burchett has not alleged he was actually deterred in any way from attending a church of his choosing.  Nor could he, as he does not dispute that he attended church services at locations he chose on several occasions—albeit without the lawfully required permission of his parole officer—and that he was not disciplined for attending any particular church rather than another.  Nor has Burchett ever sought additional discovery, and he has never argued—to the district court or to us—that he had or expected to find any additional facts supporting his claim.

F.2d 1040, 1045 (9th Cir. 1989), especially where he bore the burden of proof on that claim at trial, *cf. T.W. Elec. Serv.*, 809 F.2d at 632 n.3 ("the [summary judgment] inquiry focuses on whether the nonmoving party has come forward with sufficiently 'specific' facts from which to draw reasonable inferences about other material facts that are necessary elements of the nonmoving party's claim," in light of that party's burden of proof).

Accordingly, because we may affirm on any basis fairly supported by the record, *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007), the judgment of the district court is affirmed.

**AFFIRMED.**[2]

---

[2] Accordingly, we do not reach Burchett's only remaining argument—that remand to a different judge is necessary—nor Bromps' contention that his actions in imposing parole conditions were entitled to quasi-judicial immunity. We also deny as moot Burchett's motion for supplemental briefing on the question of damages sustained.

*Burchett v. Bromps*, No. 10-35763

**BEA**, Circuit Judge, concurring in the judgment.

I agree with the Memorandum Disposition's result affirming the district court's grant of summary judgment to Robert Bromps. I write separately to emphasize that I believe summary judgment was properly granted solely because of the absence of a *genuine* issue of material fact in this case, a ground accented as additional and secondary by the majority's disposition.

This case is properly resolved solely on the grounds that Burchett relates a statement of Bromps which makes no sense. Bromps's alleged statement is contrary to common sense and, indeed, counterintuitive, since the purpose of limiting Burchett's visits were to prevent Burchett from being near children. Since both the Seventh Day Adventist church and the Assembly of God church have children present, the statement does not make sense. Put another way, no reasonable jury could have believed the statement.

The only reasonable basis upon which such a statement would be made is that Bromps disfavored Seventh Day Adventists and favored the Assembly of God. However, there is absolutely no evidence of that attitude and a great deal of evidence showing the absence of any such attitude.

If "genuine" under *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), is to

1

have any meaning as a limiting concept, it must be to require there be *some* reasonable explanation supporting that the claimed fact—in this case, Bromps's statement—existed. Here, there is not only no reasonable explanation why Bromps might have said what Burchett testified to, but every reason to think he would *not* say that.

Therefore, I concur in the judgment.