MEMORANDUM *
Plaintiff-Appellant Donald Burchett (“Burchett”) appeals the summary judgment grant to defendant-appellee Robert Bromps (“Bromps”), Burchett’s parole officer, in Burchett’s suit for violation of his First Amendment rights under 42 U.S.C. § 1983. Burchett argues the district court improperly weighed his direct testimony evidence — that Bromps violated the Establishment Clause by imposing an improper oral condition on Burchett’s parole (limiting the denomination of church Burchett could attend) — against contrary evidence produced by Bromps. Burchett argues that the district court should have treated his testimony as true in considering Bromps’ motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
Ordinarily a district court may not weigh direct evidence presented by the nonmoving party against evidence presented by the moving party. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass’n, 809 F.2d 626, 631 (9th Cir.1987). It must accept a non-moving party’s direct evidence as true, id, and generally may not disregard direct evidence on the basis that it is implausible or incredible. See McLaughlin v. Liu, 849 F.2d 1205, 1207-08 (9th Cir.1988).
Nonetheless, “[c]onclusory allegations unsupported by factual data will not create a triable issue of fact” allowing a party to survive a summary judgment motion. Marks v. United States, 578 F.2d 261, 263 (9th Cir.1978). “The mere existence of a *607 scintilla of evidence in support of the plaintiffs position will be insufficient.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Here, Burchett merely averred, in a single statement in a deposition, that Bromps told him he could not attend a Seventh Day Adventist church while on parole. Burchett did not bolster this bare allegation with any supporting facts or evidence.[1] Self-serving affidavits may be cognizable on motions for summary judgment if they go beyond conclusions and include facts that would be admissible in evidence, see United States v. Shumway, 199 F.3d 1093, 1103-04 (9th Cir.1999), but “a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact,” FTC v. Publ’g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir.1997); see also Rodriguez v. Airborne Express, 265 F.3d 890, 902 (9th Cir. 2001) (summary judgment inappropriate where plaintiff set forth facts directly relevant to claim with “great specificity”); McLaughlin, 849 F.2d at 1206 (nonmoving party survived summary judgment where he relied on sworn affidavit that included specific factual averments, sworn answers to interrogatories, and payroll documentation supporting his factual allegations).
Thus, Burchett could not survive summary judgment without setting forth some detailed facts or other evidence to support his conclusory claim, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), especially where he bore the burden of proof on that claim at trial, cf. T.W. Elec. Serv., 809 F.2d at 632 n. 3 (“the [summary judgment] inquiry focuses on whether the non-moving party has come forward with sufficiently ‘specific’ facts from which to draw reasonable inferences about other material facts that are necessary elements of the nonmoving party’s claim,” in light of that party’s burden of proof).
Accordingly, because we may affirm on any basis fairly supported by the record, Corrie v. Caterpillar, Inc., 503 F.3d 974, 979 (9th Cir.2007), the judgment of the district court is affirmed.
AFFIRMED.[2]

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. For example, Burchett has never alleged he was denied permission to attend church on the basis of the church’s denomination, and undisputed records show that the condition he claims was placed on him was never made a part of his official parole conditions. Further, Burchett has not alleged he was actually deterred in any way from attending a church of his choosing. Nor could he, as he does not dispute that he attended church services at locations he chose on several occasions — albeit without the lawfully required permission of his parole officer — and that he was not disciplined for attending any particular church rather than another. Nor has Burchett ever sought additional discovery, and he has never argued — to the district court or to us — that he had or expected to find any additional facts supporting his claim.

. Accordingly, we do not reach Burchett’s only remaining argument — that remand to a different judge is necessary — nor Bromps’ contention that his actions in imposing parole conditions were entitled to quasi-judicial immunity. We also deny as moot Burchett’s motion for supplemental briefing on the question of damages sustained.